WERDEGAR, J.,
Concurring. — I agree with the majority that “a defendant may be convicted of multiple counts of grand theft based on separate and distinct acts of theft, even if committed pursuant to a single overarching scheme.” (Maj. opn., ante, at p. 741.) While this formulation of the aggregation rule for thefts differs somewhat from that in People v. Bailey (1961) 55 Cal.2d 514 [11 Cal.Rptr. 543, 360 P.2d 39], it provides guidance that is relatively clear and is likely to accord with the defendant’s culpability in most cases. Moreover, as Justice Liu observes in his concurring opinion, although a defendant may be convicted only of either the aggregated offense or one or more of the individual thefts, because the connections among the takings or the lack thereof may not be evident at the time of charging a prosecutor may charge the defendant both with one count of a larger, aggregated theft, and several counts of smaller, individuals thefts. (Cone. opn. of Liu, J., post, at p. 747.)
Although by the majority’s stated standard defendant was permissibly convicted of multiple grand thefts, I also agree with the majority that because of the divergence between our statement of the rule and that previously articulated by the appellate courts, due process precludes application of the new standard to this defendant. (Maj. opn., ante, at p. 742.)
Finally, I agree with Justice Liu’s concurrence that logically the same aggregation rule must apply to grand thefts as to petty thefts. “Because the same definition of theft applies to grand thefts and petty thefts, the question whether a series of related takings constitutes one or several thefts within the meaning of [Penal Code] section 484 is necessarily common to both grand thefts and petty thefts.” (Cone. opn. of Liu, J., post, at p. 744.)